IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| VICTOR BRADSHAW, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:06-CV-106 (CDL) |
| | * | 28 U.S.C. § 2254 |
| CYNTHIA NELSON, WARDEN, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. On May 1, 2006, Petitioner Bradshaw, who is currently incarcerated in the Autry State Prison, in Pelham, Georgia, was convicted of theft by taking (motor vehicle). Petitioner was sentenced to ten (10) years in prison and ordered to pay $6,000.00 in restitution. (R-1 and R-22-2). It does not appear that Petitioner filed a direct appeal to the Georgia Court of Appeals.

In her Motion to Dismiss (R-16), the Respondent contends that the Petitioner failed to file a state habeas corpus petition, thus requesting that the court dismiss the petition as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982);

*Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In his Response to Respondent's Motion to Dismiss, the Petitioner averred that he filed a state habeas petition in the Superior Court of Sumter County. (R-22). Although Petitioner provided a notarized draft of a petition for state habeas corpus, there is no indication that said petition was ever filed. (R-22-2). Petitioner may still file a state habeas petition.

This court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the

conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that Petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc